UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IESHUH GRIFFIN,<br><br>        Plaintiff,<br><br>v.<br><br>SANDY PASCH, MILLIE COBY,<br>ELIZABETH COGGS, LENA TAYLOR,<br>CHRISTIAN FAITH FELLOWSHIP<br>CHURCH, SUE EDMAN,<br>KEVIN J. KENNEDY,<br>STEPHANIE FINDLEY,<br>JOHN DOE(S), JANE DOE(S), and<br>THIRD-PARTIES UNKNOWN,<br><br>        Defendants. | Case No. 12-CV-818-JPS<br><br><br><br><br><br><br>ORDER |

  The plaintiff, Ieshuh Griffin, originally filed her Complaint in this matter on August 10, 2012, at which time the case was assigned to Magistrate Judge William E. Callahan, Jr. (Docket #1). Ms. Griffin made no further effort to prosecute the action until December 3, 2012, at which time she filed an Amended Complaint. (Docket #2). Shortly thereafter, Ms. Griffin filed a refusal to consent to jurisdiction by a magistrate judge, and the case was subsequently transferred to this Court. (Docket #6).

  Ms. Griffin has now served a number of the defendants against whom she initially brought the case. (Docket #7). One of those defendants, Stephanie Findley, the Chairwoman of the City of Milwaukee Board of Election Commissioners, filed an answer to Ms. Griffin's Complaint. (Findley Ans. (Docket #8)). Another defendant, the Christian Faith Fellowship Church (CFFC), filed a Motion to Dismiss the action against it. (CFFC Mot. Dism.

(Docket #10)). In its Brief in Support of that Motion, CFFC also seeks an award of attorneys' fees against Ms. Griffin. (CFFC Br. in Supp. (Docket #11) at 5).

Before any further defendants find themselves obliged to respond to Ms. Griffin's nonsensical Complaint, the Court will dismiss this action in its entirety for the following reasons.

First, service of process as to several of the defendants was untimely. Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Here, Ms. Griffin filed her Complaint on August 10, 2012, meaning that the cutoff date for her to have served process on the defendants was December 8, 2012. Fed. R. Civ. P. 4(m). As of December 8, 2012, Ms. Griffin had not served process on Sue Edman, Kevin Kennedy, or any John Doe, Jane Doe, or unknown parties. Therefore, Ms. Griffin failed to meet the 120-day time limit to serve those parties, and accordingly this action against them is subject to dismissal following notice to Ms. Griffin. Fed. R. Civ. P. 4(c)(1), (m).

It also appears that service was defective as to CFFC, as CFFC argues in its Brief in Support of its Motion to Dismiss. (CFFC Br. in Supp. at 2–3). Ms. Griffin served a secretary at CFFC's facilities, but failed to deliver a copy of the Complaint to "an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process," as required by Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure.

Accordingly, this action is subject to dismissal as to CFFC for inadequate service. Fed. R. Civ. P. 4(h)(1)(B).

However, regardless of the issues with service of process, the Court is still obliged to dismiss this matter against all parties, owing to Ms. Griffin's failure to establish her standing to bring this suit. A "party invoking federal jurisdiction bears the burden of establishing those elements," particularly: (1) a concrete and particularized, actual or imminent injury-in-fact; (2) a causal connection between the injury and the alleged conduct of the defendants; and (3) a likelihood that a favorable decision will redress the invoking-party's injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, Ms. Griffin has failed to establish the first and second of those elements. It is unclear from her Amended Complaint exactly what injury-in-fact she claims to have suffered or be likely to suffer. Moreover, even if the Court views the Amended Complaint extremely liberally and finds that Ms. Griffin has alleged some injury to her ability to vote or to be elected, the Court cannot discern any causal connection that she has alleged between such injury and the actions of the defendants. Accordingly, dismissal of this action against all defendants is appropriate, due to Ms. Griffin's failure to establish standing to bring this action.

Furthermore, even if Ms. Griffin had established her standing to pursue this action, her Complaint does not satisfy the pleading requirements of Rule 8(a)(2) and, therefore, should be dismissed. Under that Rule, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which must be enough to raise the specter of a right to relief above the speculative level. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Ms. Griffin

Page 3 of 8

Case 2:12-cv-00818-JPS   Filed 01/10/13   Page 3 of 8   Document 16

makes generalized allegations of "voter intimidation," "election fraud," and "campaign dirty tricks," but does not allege any sort of facts that would support those allegations. (Am. Compl.). The Amended Complaint—aside from being extremely difficult to understand—does not contain sufficient information to provide the Court or any of the defendants with some indication of what the defendants are actually accused of doing. There are no factual allegations related to specific actions taken by the defendants, such that the defendants would have adequate notice of Ms. Griffin's claims against them; instead, she has provided only broad conclusions of bad action by the defendants. Therefore, the Court must dismiss her claims against all defendants. *Id.*

Beyond the legal analysis noted above, dismissal of the matter at this juncture will best preserve each party's and the Court's resources. The Court will save the time and money associated with unraveling a potentially-complex (by virtue of the number of named parties) and confusing matter that ultimately lacks merit. Furthermore, those parties that have been sued by Ms. Griffin will not have to engage in the expensive process of seeking an attorney to file the inevitable motion to dismiss or motion summary judgment that will inevitably be granted by the Court in this frivolous action.

Finally, dismissal at this juncture will preserve Ms. Griffin's own resources. The court may award attorneys' fees to a prevailing party when the losing party has acted in bad faith, such as where he or she acted without a reasonable basis in the law. *Marek v. Chesny*, 473 U.S. 1, 36–37 (1985) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–259; *Sibbach v. Wilson & Co.*, 312 U.S. 1, 426 (1941)); *Christianburg Garment Co. v. Equal*

*Employment Opportunity Commission*, 434 U.S. 412 ("it has long been established that even under the American common-law rule attorney's fees may be awarded against a party who has proceeded in bad faith"). Here, CFFC has requested that the Court award it attorneys' fees against Ms. Griffin, due to Ms. Griffin's having sued them without any reasonable basis in the law. (CFFC Mot. Dism. 5). Because the Court has determined that Ms. Griffin's Amended Complaint lacks any information that could support her allegations against CFFC (and the other remaining defendants), the Court is obliged to determine that she brought this suit in bad faith and, therefore, to award attorneys' fees against her and in favor of CFFC.

The Court also notes that its determination of bad faith is further supported by the fact that Ms. Griffin has previously filed two other suits in this district; both suits alleged election rights violations and were based upon complaints that were similarly confusing to the one before the Court today. *See Griffin v. Milwaukee County Election Commission*, 2:11-CV-44-LA (E.D. Wis., filed Jan. 1, 2011); *Griffin v. Government Accountability Board*, 2:10-CV-617-RTR (E.D. Wis., filed July 22, 2010). One of those suits was dismissed by the district court as improperly filed as a habeas corpus matter, while Ms. Griffin dismissed the other on her own. *Milwaukee County Election Commission*, 2:11-CV-44-LA, at Docket #2 (voluntary dismissal); *Government Accountability Board*, 2:10-CV-617-RTR, at Docket #8 (dismissal by Court). Those similarly frivolous suits further support the Court's determination that this action was filed in bad faith—Ms. Griffin ought be well aware that if she wishes to institute a matter in this Court, she should first ensure that she has grounds to bring her case and then follow through by suing the appropriate parties,

submitting correct and adequate documentation, and properly serving the parties.

In sum, the Court believes that Ms. Griffin acted in bad faith in filing this suit and, therefore, finds that she should be required to pay an award of reasonable attorneys' fees to CFFC. However, the Court does not make any determination at this juncture as to what should be a reasonable fee. Instead, in hopes that Ms. Griffin will not be saddled with any unmanageable burden, the Court will first require that CFFC make efforts to contact Ms. Griffin in an effort to reach a settlement as to an appropriate fee. Then, on or before February 15, 2013, CFFC should file a report with the Court documenting its settlement efforts. If the parties cannot reach a settlement, then CFFC should also file a fee request simultaneously with its settlement report. In such case, the Court will determine what should be a reasonable fee to award CFFC.

Despite this award of fees against Ms. Griffin, though, the Court notes that by dismissing this action at an early juncture, it will spare her the strong likelihood of having additional awards of attorneys' fees issued against her and in favor of the other parties she has sued in this matter.

Ms. Griffin also filed, on January 3, 2013, a Motion to Strike Defendant Stephanie Findley's Answer (Docket #13) and a Motion to Strike Defendant CFFC's Answer (Docket #14), the latter of which actually asks the Court to strike CFFC's Motion to Dismiss as opposed to its answer. Because the Court will dismiss this matter, it will also deny Ms. Griffin's Motion to Strike Defendant Stephanie Findley's Answer (Docket #13) as being moot. In her other motion to strike, Ms. Griffin argues that CFFC's counsel should be disqualified for filing an affidavit in conjunction with CFFC's motion and further that the Court should accordingly strike CFFC's Motion. CFFC's

counsel, however, complied with all rules of civil procedure and executed his affidavit under oath; the Court sees no reason to either disqualify him or to strike CFFC's Motion. As such, the Court will also deny Ms. Griffin's Motion to Strike Defendant CFFC's Answer (Docket #14).

For all of the above reasons, the Court will dismiss this action in full but without prejudice. If Ms. Griffin believes that she has a valid claim against the defendants or against other individuals, she may re-file a new complaint under a separate case number; however, she should be aware that any future filings will need to comply with the Federal Rules of Civil Procedure if she wishes to escape dismissal. The Court will also grant defendant CFFC's Motion to Dismiss and its accompanying fee request for the reasons discussed above.

Accordingly,

IT IS ORDERED that this action be and the same is hereby DISMISSED without prejudice; and

IT IS FURTHER ORDERED that Christian Faith Fellowship Church's Motion to Dismiss and its associated fee request (Docket #10) be and the same is hereby GRANTED; CFFC shall make reasonable efforts to contact Ms. Griffin and to settle upon an appropriate fee in satisfaction thereof and shall file a report regarding those efforts not later than February 15, 2013; if CFFC and Ms. Griffin cannot reach a settlement, then CFFC shall simultaneously file a fee request; and

IT IS FURTHER ORDERED that Ms. Griffin's Motion to Strike Defendant Stephanie Findley's Answer (Docket #13) be and the same is hereby DENIED as moot; and

IT IS FURTHER ORDERED that Ms. Griffin's Motion to Strike Defendant CFFC's Answer (Docket #14) be and the same is hereby DENIED.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of January, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge